JUDGE HOLWELL

Barry N. Saltzman (BS-6533)
Michael J. D'Angelo (MD-3030)
PITTA & DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 652-3890

*Attorneys for Plaintiffs*

07 CV 7508

AUG 24 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 758, HOTEL & ALLIED SERVICES UNION, SEIU, AFL-CIO, WELFARE, PENSION AND ANNUITY FUNDS, by their trustees, PETER WARD, MICHAEL SIMO, HELEN MAURIZO, and MARILYN LIPMAN and the NEW YORK HOTEL TRADES COUNCIL AND HOTEL ASSOCIATION OF NEW YORK CITY, INC. HEALTH BENEFITS FUND,

Plaintiffs,

-against-

IMPERIAL COURT HOTEL,

Defendant.

EFC

07 CV____

**COMPLAINT**

Plaintiffs, by their attorneys, Pitta & Dreier LLP, for their Complaint allege as follows:

## INTRODUCTION

1. This is an action by the trustees of the Local 758 Pension Fund, the Local 758 Benefit Fund, the Local 758 Education and Scholarship Fund, the Local 758 Annuity Fund (hereinafter referred to as the "Pension Fund, " "Benefit Fund," "Education Fund," and "Annuity Fund," respectively, and collectively as the "Local 758 Funds"), and the New York Hotel Trades Council and Hotel Association of New York City Inc. Health Benefits Fund ("HTC Health

Benefits Fund" and collectively with the "Local 758 Funds" as the "Funds"), to direct the defendant Imperial Court Hotel (hereinafter referred to as "Imperial" or "Employer") to permit and cooperate with the Funds' demand and/or their designated representatives in the conduct of an audit of Imperial's books and records for the period July 1, 2001 though the present, to collect unpaid contributions owed to the Funds by Imperial, interest on the unpaid contributions, liquidated damages as provided for by law, attorneys' fees and costs of this action incurred by the Funds, and for such other legal and equitable relief as the Court may deem appropriate.

## JURISDICTION AND VENUE

2. This action arises under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (hereinafter referred to as the "Taft-Hartley Act"), and Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1132(a)(3) (hereinafter referred to as "ERISA") and 29 U.S.C. § 1145.

3. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185 and Sections 502(e)(1) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e)(1) and 1132(f); and derivative jurisdiction is contained in 28 U.S.C. §§ 1131 and 1137.

4. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.

## THE PARTIES

5. Plaintiffs Peter Ward and Michael Simo became trustees of each of the Funds in or about December, 2006 and Helen Maurizio and Marilyn Lipman have been and continue to be trustees of each of the Local 758 Funds (the "Trustees"). Plaintiffs Peter Ward and Michael Simo have been and continue to be trustees of the HTC Benefits Fund.

6. The Funds are employee benefit plans within the meaning of ERISA Section 3(3), 29. U.S.C. § 1002(3), and are multi-employer plans within the meaning of ERISA

Section 3(37), 29 U.S.C. § 1002(37). The Pension Fund was formerly known as the Local 144-Associated Hotel Pension Fund and is authorized under its trust agreement to do business under both its current and former name. The Benefit Fund was formerly known as the Hotel Front Insurance Fund and is authorized under its trust agreement to do business under both its current and former name.

7. Upon information and belief, Imperial is a for-profit domestic business corporation duly organized and existing pursuant to the laws of the State of New York and is doing business in New York with its principal place of business at 309 West 79th Street, New York, New York.

8. Upon information and belief, Imperial, at all times material hereto, operated a hotel located at 309 West 79th Street, New York, New York, and is an employer within the meaning of ERISA Sections 3(5) and 515, 29 U.S.C. §§ 1002(5) and 1145.

## COMMON FACTS

9. The Employer recognized Local 758, Hotel & Allied Services Union, SEIU, AFL-CIO ("Local 758") as the exclusive representative of certain of its employees for purposes of collective bargaining. In or about early December 2006, Local 758 merged into the Hotel, Restaurant & Club Employees and Bartenders Unions, affiliated with UNITE-HERE (referred to collectively with Local 758 as the "Union").

10. The Employer is and has been a party to a series of collective bargaining agreements with the Union, including, a Memorandum of Agreement (hereinafter referred to as the "MOA"), dated June 1, 2002, covering the period up to and including June 30, 2008 in which Imperial agreed to adopt the terms and conditions of the Division A collective bargaining agreement ("Master Agreement"). The Master Agreement between the Union and the

Associated Hotels and Motels of Greater New York ("Associated") had a term of July 1, 2001 to June 30, 2007.

11. On or about May 21, 2007 and prior to the expiration of the Master Agreement, Imperial caused the execution of a bargaining assent on its behalf authorizing Associated to represent it in bargaining with respect to a renewal Master Agreement.

12. In or about May and June 2007 substantive negotiations for a renewal Master Agreement took place cumulating with a finalized renewal Master Agreement on June 23, 2007. The renewal Master Agreement was executed by Associated's Executive Director on or about June 25, 2007 and has a term of that expires on June 30, 2013.

13. Article XVI of the renewal Master Agreement changed the Employer's obligation, effective July 1, 2007, to make contributions to the HTC Health Benefits Fund instead of to the Benefit Fund.

14. The MOA, Master Agreement and renewal Master Agreement cover all employees of the Employer except managers, assistant managers, head housekeeper, supervisors, and executives.

### AS AND FOR A FIRST CLAIM FOR RELIEF

15. Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "14" as if set forth here at length.

16. Pursuant to the terms of the MOA and Master Agreements, Imperial was, and is, required, *inter alia*, to file certain employer contribution reports with the Funds, and are further required to permit and cooperate with the Funds and/or their designated representatives in the conduct of payroll audits of Imperial's books and records for the purpose of ascertaining the amount of fringe benefit contributions due the Funds from Imperial and verifying the accuracy of the employer contribution reports filed by Imperial.

17. Imperial has failed to permit and cooperate in the conduct of the aforementioned audit, although duly demanded by the Funds and/or their designated representatives.

18. Accordingly, pursuant to the terms of the MOA and Master Agreements, the Funds demand an order directing Imperial to permit and cooperate with the Funds and/or their designated representatives in the conduct of an audit of Imperial's books and records for the period July 1, 2001 through the present.

### AS AND FOR A SECOND CLAIM FOR RELIEF

19. Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "18" as if set forth here at length.

20. Pursuant to the MOA and Master Agreement, during the period from July 1, 2001 through June 30, 2002, the Employer was required to pay on or before the tenth (10th) day of each month a monthly contribution to the Benefit Fund in the amount of twelve and one-half percent (12½%) of the previous month's gross payroll of the employees covered by the MOA and Master Agreement. These contributions are collected for the purpose of providing medical, dental, optical and other benefits to Fund participants and beneficiaries.

21. Pursuant to the MOA and Master Agreement, during the period from July 1, 2002 through June 30, 2003, the Employer was required to pay on or before the tenth (10th) day of each month a monthly contribution to the Benefit Fund in the amount of fourteen percent (14%) of the previous month's gross payroll of the employees covered by the MOA.

22. Pursuant to the MOA and Master Agreements, during the period from July 1, 2003 through June 30, 2007, the Employer has been required to pay on or before the tenth (10th) day of each month a monthly contribution to the Benefit Fund in the amount of fifteen and

one-half percent (15½%) of the previous month's gross payroll of the employees covered by the MOA.

23. Pursuant to the Benefit Fund's trust agreement, interest on unpaid contributions is assessed at the rate of eighteen percent (18%) per annum, and liquidated damages are assessed a the rate of twelve percent (12%) of the amount of unpaid contributions.

24. In or about early 2007, the Trustees concluded that the Employer has breached the MOA, Master Agreements, Taft-Hartley Act and ERISA in that it has failed to pay all of the contributions due for the period from July 1, 2001 through the present.

25. The amount of contributions due and owing for that period is to be determined at trial.

26. By its failure to pay contributions owed to the Benefit Fund, the Employer has violated Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.

### AS AND FOR A THIRD CLAIM FOR RELIEF

27. Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "26" as if set forth here at length.

28. Pursuant to the MOA and Master Agreements, the Employer is required to pay on or before the tenth (10th) day of each month a monthly contribution to the Pension Fund in the amount of six and one-half percent (6½%) of the previous month's gross payroll of the employees covered by the MOA and Master Agreements. These contributions are collected for the purpose of providing retirement benefits to Fund participants and beneficiaries.

29. Pursuant to the Pension Fund's trust agreement, interest on unpaid contributions is assessed at the rate of eighteen percent (18%) per annum, and liquidated damages are assessed a the rate of twelve percent (12%) of the amount of unpaid contributions.

30. In or about early 2007, the Trustees concluded that the Employer has breached the MOA, Master Agreements, Taft-Hartley Act and ERISA in that it has failed to pay all of the contributions due for the period from July 1, 2001 through the present.

31. The amount of contributions due and owing for that period is to be determined at trial.

32. By its failure to pay contributions owed to the Pension Fund, the Employer has violated Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

33. Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "32" as if set forth here at length.

34. Pursuant to the MOA and Master Agreements, the Employer was required to pay on or before the tenth (10th) day of each month a monthly contribution to the Education Fund in the amount of one dollar and fifty cents ($1.50) per employee per week for the preceding month for all employees covered by the MOA and Master Agreements. These contributions are collected for the purpose of providing scholarship assistance and educational benefits to the Fund participants and beneficiaries.

35. Pursuant to the Education Fund's trust agreement, interest on unpaid contributions is assessed at the rate of eighteen percent (18%) per annum, and liquidated damages are assessed a the rate of twelve percent (12%) of the amount of unpaid contributions.

36. In or about early 2007, the Trustees concluded that the Employer has breached the MOA, Master Agreements, Taft-Hartley Act and ERISA in that it has failed to pay all of the contributions due for the period from July 1, 2005 through the present.

37. The amount of contributions due and owing for that period is to be determined at trial.

38. By its failure to pay contributions owed to the Education Fund, the Employer has violated Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.

### AS AND FOR A FIFTH CLAIM FOR RELIEF

39. Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "38" as if set forth here at length.

40. Pursuant to the MOA and Master Agreements, the Employer was required to pay on or before the tenth (10th) day of each month a monthly contribution to the Annuity Fund in an amount specified by individual employees per week for the preceding month for all employees covered by the MOA and Master Agreements who expressly authorized said contribution.

41. Pursuant to the Annuity Fund's trust agreement, interest on unpaid contributions is assessed at the rate of one and one-half percent (1½%) per month, and liquidated damages are assessed a the rate of twelve percent (12%) of the amount of unpaid contributions.

42. In or about early 2007, the Trustees concluded that the Employer has breached the MOA, Master Agreements, Taft-Hartley Act and ERISA in that it has failed to pay all of the contributions due for the period from July 1, 2004 through the present.

43. The amount of contributions due and owing for that period is to be determined at trial.

44. By its failure to pay contributions owed to the Annuity Fund, the Employer has violated Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

45.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "44" as if set forth here at length.

46.     Pursuant to the renewal Master Agreement, during the period from July 1, 2007 and continuing, the Employer was required to pay on or before the tenth (10th) day of each month a monthly contribution to the HTC Health Benefits Fund in the amount of twenty-one and one-half percent (21½%) of the previous month's gross payroll of the employees covered by the renewal Master Agreement. These contributions are collected for the purpose of providing medical, dental and other benefits to Fund participants and beneficiaries.

47.     Pursuant to the renewal Master Agreement, during the period from July 1, 2007 and continuing, the Employer was required to pay on or before the tenth (10th) day of each month a monthly contribution to the HTC Health Benefits Fund in the amount of one dollar and fifty cents ($1.50) for each employee covered under the renewal Master Agreement. These contributions are collected for the purpose of providing optical and other benefits to Fund participants and beneficiaries.

48.     Pursuant to the HTC Health Benefits Fund's trust agreement, interest on unpaid contributions is assessed at the rate of prime plus two percent (2%) per annum, and liquidated damages are assessed a the rate of twenty percent (20%) of the amount of unpaid contributions.

49.     In or about August 2007, the HTC Health Benefits Fund Trustees concluded that the Employer has breached the renewal Master Agreement, Taft-Hartley Act and ERISA in that it has failed to pay all of the contributions due for the period from July 1, 2007 through the present.

50. The amount of contributions due and owing for that period is to be determined at trial.

51. By its failure to pay contributions owed to the HTC Health Benefit Fund, the Employer has violated Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully demand judgment as follows:

1. Directing Imperial to permit and cooperate with the Funds and/or their designated representatives in the conduct of an audit of Imperial's books and records for the period July 1, 2001 through the present;

2. Awarding to the Benefit Fund the contributions due in an amount shown to be due and owing;

3. Awarding to the Pension Fund the contributions due in an amount shown to be due and owing;

4. Awarding to the Education Fund the contributions due in an amount shown to be due and owing;

5. Awarding to the Annuity Fund the contributions due in an amount shown to be due and owing;

6. Awarding to the HTC Health Benefits Fund the contributions due in an amount shown to be due and owing;

7. Awarding to each of the Funds interest on all unpaid contributions for the period from the original due date through the date of payment at the rate of eighteen percent per annum;

8. Awarding to each of the Funds liquidated damages assessed on all delinquent contributions at the rate of twelve percent;

9. Awarding to the Funds the attorneys' fees and costs of this action;

10. Granting to plaintiffs such other and further relief as the Court may deem just and proper.

The Funds reserve their rights to pursue personal and criminal liability against the appropriate parties as set forth in the attached statutory notice under New York law.

Dated: New York, New York
August 23, 2007

Respectfully submitted,

PITTA & DREIER LLP
*Attorneys for Plaintiffs*

By: _____
Michael J. D'Angelo (MD-3030)
499 Park Avenue
New York, New York 10022
(212) 652-3890

Of Counsel:
Barry N. Saltzman (BS-6533)