Regina E. Faul (RF-7647)
Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100
Facsimile: (516) 681-1101
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LOCAL 758, HOTEL & ALLIED SERVICES UNION,
SEIU, AFL-CIO, WELFARE, PENSION AND
ANNUITY FUNDS, by their trustees, PETER WARD,     **ANSWER**
MICHAEL SIMO, HELEN MAURIZO, and MARILYN
LIPMAN and the NEW YORK HOTEL TRADES     07 CV 7508 (RH) (THK)
COUNCIL AND HOTEL ASSOCIATION OF NEW
YORK CITY, INC. HEALTH BENEFITS FUND,

                                  Plaintiffs,

           -against-

IMPERIAL COURT HOTEL,

                                  Defendant.
------------------------------------X

       The Defendant, by their counsel, Kaufman Dolowich & Voluck, LLP, as and for their Answer to the Complaint (hereinafter the "Subject Complaint"), set forth the following:

       1.      Denies each and every allegation set forth in Paragraph "1" of the Subject Complaint, except admits that plaintiffs have brought this action.

       2.      Admits the allegations set forth in Paragraph "2" of the Subject Complaint.

3. Denies each and every allegation set forth in Paragraph "3" of the Subject Complaint, except admits that this Court has subject matter jurisdiction under 29 U.S.C. §§ 185 and 1132.

4. Admits the allegations set forth in Paragraph "4" of the Subject Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Subject Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Subject Complaint.

7. Admits the allegations set forth in Paragraph "7" of the Subject Complaint.

8. Denies each and every allegation set forth in Paragraph "8" of the Subject Complaint, except admits that it operated a hotel located at 309 West 79th Street, New York, New York.

9. Denies each and every allegation set forth in Paragraph "9" of the Subject Complaint.

10. Denies each and every allegation set forth in Paragraph "10" of the Subject Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Subject Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Subject Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Subject Complaint.

14. Denies each and every allegation set forth in Paragraph "14" of the Subject Complaint.

### AS AND FOR DEFENDANT'S RESPONSE
### TO PLAINTIFFS' FIRST CLAIM FOR RELIEF

15. Defendant, in response to Paragraph "15" of the Subject Complaint, repeats and realleges each and every answer contained in Paragraphs "1" through "14" of this Answer as though fully set forth herein.

16. Neither admits nor denies the allegations set forth in Paragraph "16" of the Subject Complaint, as they are not allegations of fact, but rather it is a request for a remedy sought by the Plaintiff.

17. Denies each and every allegation set forth in Paragraph "17" of the Subject Complaint.

18. Denies each and every allegation set forth in Paragraph "18" of the Subject Complaint.

### AS AND FOR DEFENDANT'S RESPONSE
### TO PLAINTIFFS' SECOND CLAIM FOR RELIEF

19. Defendant, in response to Paragraph "19" of the Subject Complaint, repeats and realleges each and every answer contained in Paragraphs "1" through "18" of this Answer as though fully set forth herein.

20. Admits the allegations set forth in Paragraph "20" of the Subject Complaint.

21. Admits the allegations set forth in Paragraph "21" of the Subject Complaint.

22. Admits the allegations set forth in Paragraph "22" of the Subject Complaint.

23. Denies each and every allegation set forth in Paragraph "23" of the Subject Complaint.

24. Neither admits nor denies the allegations set forth in Paragraph "24" of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

25. Neither admits nor denies the allegations set forth in Paragraph "25" of the Subject Complaint.

26. Neither admits nor denies the allegations set forth in Paragraph "26" of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

### AS AND FOR DEFENDANT'S RESPONSE TO PLAINTIFFS' THIRD CLAIM FOR RELIEF

27. Defendant, in response to Paragraph "27" of the Subject Complaint, repeats and realleges each and every answer contained in Paragraphs "1" through "26" of this Answer as though fully set forth herein.

28. Admits the allegations set forth in Paragraph "28" of the Subject Complaint.

29. Denies each and every allegation set forth in Paragraph "29" of the Subject Complaint.

30. Neither admits nor denies the allegations set forth in Paragraph "30" of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

31. Denies each and every allegation set forth in Paragraph "31" of the Subject Complaint.

32. Neither admits nor denies the allegations set forth in Paragraph "32" of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

### AS AND FOR DEFENDANT'S RESPONSE TO PLAINTIFF'S FOURTH CLAIM FOR RELIEF

33. Defendant, in response to Paragraph "33" of the Subject Complaint, repeats and realleges each and every answer contained in Paragraphs "1" through "32" of this Answer as though fully set forth herein.

34. Admits the allegations set forth in Paragraph "34" of the Subject Complaint.

35. Denies each and every allegation set forth in Paragraph "35" of the Subject Complaint.

36. Neither admits nor denies the allegations set forth in Paragraph "36" of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

37. Denies each and every allegation set forth in Paragraph "37" of the Subject Complaint.

38. Neither admits nor denies the allegations set forth in Paragraph "38" of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

### AS AND FOR DEFENDANT'S RESPONSE TO PLAINTIFF'S FIFTH CLAIM FOR RELIEF

39. Defendant, in response to Paragraph "39" of the Subject Complaint, repeats and realleges each and every answer contained in Paragraphs "1" through "38" of this Answer as though fully set forth herein.

40. Admits the allegations set forth in Paragraph "40" of the Subject Complaint.

41. Denies each and every allegation set forth in Paragraph "41" of the Subject Complaint.

42. Neither admits nor denies the allegations set forth in Paragraph "42" of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

43. Denies each and every allegation set forth in Paragraph "43" of the Subject Complaint.

44. Neither admits nor denies the allegations set forth in Paragraph "44" of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

## AS AND FOR DEFENDANT'S RESPONSE TO PLAINTIFF'S SIXTH CLAIM FOR RELIEF

45. Defendant, in response to Paragraph "45" of the Subject Complaint, repeats and realleges each and every answer contained in Paragraphs "1" through "44" of this Answer as though fully set forth herein.

46. Admits the allegations set forth in Paragraph "46" of the Subject Complaint.

47. Denies each and every allegation set forth in Paragraph "47" of the Subject Complaint.

48. Denies each and every allegation set forth in Paragraph "48" of the Subject Complaint.

49. Neither admits nor denies the allegations set forth in Paragraph "49" of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

50. Denies each and every allegation set forth in Paragraph "50" of the Subject Complaint.

51. Neither admits nor denies the allegations set forth in Paragraph "51" of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

52. Defendant has paid all contributions properly due to Plaintiffs.

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

53. Defendant has cooperated in Plaintiffs' audit of its books and records.

54. Plaintiff's caused an audit to be performed and completed on or about July 2, 2007.

55. Plaintiffs have not requested any additional information from Defendant since the completion of the audit.

56. Plaintiff has failed to provide Defendant with a report of findings from the audit completed in July 2007.

57. Plaintiff has failed to demand payment from Defendant for any monies allegedly due as a result of the audit.

### AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

54. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

55. That Plaintiffs' Complaint is based upon information or belief and not upon facts.

56. That Plaintiffs' Complaint, if it has any merit, is premature. Plaintiffs failed to follow appropriate procedures in order to obtain the necessary information

and/or already have the supporting information and chose to proceed with this action with full knowledge as the lack of basis for the Complaint.

57.  That the Complaint, therefore, fails to state a cause of action, is frivolous, and should thus be dismissed.

### AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

58.  If Plaintiff has been injured and/or damaged as alleged in his Complaint, such injuries and/or damages were caused in whole or in part as a result of the Plaintiff's own culpable conduct, which precludes and/or limits his ability to recover herein.

### AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

59.  The Union and Plaintiffs have failed to abide by conditions precedent to Defendant's obligation to contribute.

### AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

60.  Defendants reserve the right to assert any additional affirmative defenses that may be applicable, and to withdraw any affirmative defenses that are inapplicable, once the precise nature of Plaintiff's claims is ascertained through discovery and investigation.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that the Defendants be awarded such other and further relief as this Court deems just and proper.

Dated: Woodbury, New York
       November 16, 2007

                                        Kaufman Dolowich & Voluck, LLP
                                        Attorneys for Defendant

                                        By: *[signature]*
                                        Regina E. Faul (RF-7647)
                                        135 Crossways Park Drive Suite 210
                                        Woodbury, New York 11797
                                        (516) 681-1100

ND: 4843-6930-2530, v. 1

STATE OF NEW YORK        }
                         }SS:
COUNTY OF NASSAU         }

Nicole Chan, being duly sworn, deposes and says:

That Deponent is not a party to this action, is over 18 years of age and resides in Flushing, New York.

That on the 16th day of November 2007, Deponent served a copy of **ANSWER** upon:

Michael D'Angelo
Pitta & Dreier LLP
499 Park Avenue
New York NY 10022

at the addresses designated for that purpose by depositing a true copy thereof, in a sealed, properly addressed wrapper, and placing the same under the exclusive care and custody of Federal Express Delivery Service, prior to the latest time designated by that service for overnight delivery.

_____
Nicole Chan

Sworn to before me this
16th day of November, 2007.

_____
Notary Public

CARA A. O'SULLIVAN
Notary Public, State of New York
No. 02OS6056965
Qualified in Nassau County
Commission Expires April 9, 20__