UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
LOCAL 758, HOTEL & ALLIED SERVICES UNION,       :
SEIU, AFL-CIO, WELFARE, PENSION AND             :    ECF
ANNUITY FUNDS, by their trustees, PETER WARD,   :
MICHAEL SIMO, HELEN MAURIZO, and                :    07 CV 7508
MARILYN LIPMAN and the NEW YORK HOTEL           :    (RJH)
TRADES COUNCIL AND HOTEL ASSOCIATION            :
OF NEW YORK CITY, INC. HEALTH BENEFITS          :
FUND,                                           :
                                                :
                        Plaintiffs,             :
                                                :
        -against-                               :
                                                :
IMPERIAL COURT HOTEL,                           :
                                                :
                        Defendant.              :
------------------------------------------------------------------- x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/08

### STIPULATION AND ORDER OF SETTLEMENT

This STIPULATION AND ORDER OF SETTLEMENT (the "Agreement"), made this 10th day of June 2008, by and between LOCAL 758, HOTEL & ALLIED SERVICES UNION, SEIU, AFL-CIO, WELFARE, PENSION AND ANNUITY FUNDS ("Funds"), by their trustees, PETER WARD, MICHAEL SIMO, HELEN MAURIZO, and MARILYN LIPMAN ("Trustees"), and the NEW YORK HOTEL TRADES COUNCIL AND HOTEL ASSOCIATION OF NEW YORK CITY, INC. HEALTH BENEFITS FUND ("Health Benefits Fund" and collectively with the Funds and Trustees as "Plaintiffs") and the IMPERIAL COURT HOTEL (hereinafter referred to as "Imperial" or "Employer").

WHEREAS, the Employer recognized Local 758, Hotel & Allied Services Union, SEIU, AFL-CIO ("Local 758") as the exclusive representative of certain of its employees for purposes of collective bargaining.

{00350184.DOC;2}

WHEREAS, in or about early December 2006, Local 758 merged into the Hotel, Restaurant & Club Employees and Bartenders Unions, affiliated with UNITE-HERE (referred to collectively with Local 758 as the "Union").

WHEREAS, the Employer is and has been a party to a series of collective bargaining agreements with the Union, including, a Memorandum of Agreement (hereinafter referred to as the "MOA"), dated June 1, 2002, covering the period up to and including June 30, 2008 in which Imperial agreed to adopt the terms and conditions of the Division A collective bargaining agreement ("Master Agreement"). The Master Agreement between the Union and the Associated Hotels and Motels of Greater New York ("Associated") had a term of July 1, 2001 to June 30, 2007.

WHEREAS, pursuant to the Master Agreement, the Employer was and is obligated to make certain contributions to the Funds on behalf of its employees;

WHEREAS, an audit of the Employer's books and records was conducted at the Funds request pursuant to the collective bargaining agreement, the applicable provisions of the various Restatements of Trust for the Funds, and the applicable provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and the Multi-Employer Pension Plan Amendments Act of 1980 ("MEPPAA") for the time period January 1, 2003 through June 30, 2007 (the "Audit Period"); and

WHEREAS, the Funds have asserted that the Employer is required to pay certain employee benefits to the Funds an amount in excess of ONE HUNDRED FIFTEEN THOUSAND, EIGHT HUNDRED SIXTY THREE ($115,863) based upon the audit of the Employer's books and records (the "Audited Amount"); and

WHEREAS, the Funds commenced an action in the Southern District of New York styled *Local 758, Hotel & Allied Services Union, SEIU, AFL-CIO, Welfare, Pension and Annuity Funds*

{00350184.DOC.2}

v. *Imperial Court Hotel*, case no. 2007 Civ. 07508 (RJH) (the "Action") to recover the Audited Amount; and

WHEREAS, the Employer has disputed the Audited Amount of contributions owed to the Funds for the Audit Period; and

WHEREAS, the Employer is desirous of resolving and settling its obligation to pay outstanding contributions owed to the Funds (the "Obligation") and both Employer and the Funds are desirous of resolving and settling the disputed issues respecting same without the necessity of continued legal proceedings and without the risk of financial loss;

NOW, THEREFORE, in consideration of the mutual covenants set forth below, the parties hereby agree as follows:

1. In settlement of its Obligation for the Audited Amount for the Audit Period, the Employer shall pay to the Funds the sum of SEVENTY FIVE THOUSAND, FOUR HUNDRED FORTY ONE DOLLARS AND SEVENTY FIVE CENTS ($75,441.75) consisting of the following: THIRTY SIX THOUSAND, SIX DOLLARS AND SEVENTY FIVE CENTS ($36,006.75) to the Welfare and Health Fund for fringe benefit contributions; SEVENTEEN THOUSAND, FOUR HUNDRED, TWELVE DOLLARS ($17,412) to the Pension Fund for pension benefit contributions; FIVE HUNDRED, FORTY NINE DOLLARS ($549) to the Education and Scholarship Fund for training benefit contributions; ONE THOUSAND, NINE HUNDRED EIGHT DOLLARS ($1,9084) to the Annuity Fund for annuity benefit contributions; and an additional NINETEEN THOUSAND, FIVE HUNDRED SIXTY SIX DOLLARS ($19,566) in interest.

2. Upon payment of said sum of SEVENTY FIVE THOUSAND, FOUR HUNDRED FORTY ONE DOLLARS AND SEVENTY FIVE CENTS ($75,441.75), the Funds shall deliver to the Employer a General Release which shall release and discharge the Employer

and its officers, directors, shareholders, members, employees, agents, affiliated, associated or related companies, including any controlled group entities, successors, assigns and legal representatives (collectively the "Releasee") from all actions, claims and demands whatsoever that the Funds or their successors or assigns now have or hereafter can, shall or may have against the Releasee limited solely to the Audit Period.

3. Payment of the above amount shall be made by checks payable to the respective Local 758, Hotel & Allied Services Union, SEIU, AFL-CIO, Welfare, Pension, Education and Scholarship and Annuity Funds and delivered to either: Pitta & Dreier, LLP c/o Michael J. D'Angelo., 499 Park Avenue, New York, New York 10022 or Carmen Vuotto, Fund Administrator, 709 Eight Avenue, New York, New York 10036 within fifteen (15) business days of the execution of this Agreement.

4. In the event of a default by the Employer of any payment agreed to or required by this Agreement, the Funds shall have the right, at their sole option and discretion, to enter judgment against the Employer the full amount of the Audited Amount for the Audit Period then remaining due, together with all lawful interest thereon, statutory damages, costs of entering said judgment, and any additional penalties, remedies and damages permitted by law, upon ten (10) business days written notice by certified mail, return receipt requested, to the individuals identified in paragraph thirteen (13) below and the failure of the Employer to cure said default within ten (10) business days of receipt thereof. The Employer hereby waives any notice of the submission of a judgment to the Court under this paragraph.

5. It is understood and agreed by the parties to this Agreement that it is not to be construed as an admission of any specific liability on the part of any person, firm or corporation released, such liability being expressly denied, and shall never be treated by any party as an admission of specific liability by any party for any purpose.

{00350184 DOC;2}

6. The Employer and the Funds agree that the terms of this Agreement are confidential and each party shall therefore use best efforts to prevent disclosure thereof to any third parties. It is understood that the Releasee or the Funds may without notice freely disclose the terms of this settlement, however, to federal, state or municipal taxing authorities or any judicial or governmental officer or individual to whom they may owe a legal duty to report or disclose the terms hereof.

7. This Agreement was duly made in the State of New York and shall be interpreted under the laws thereof.

8. If any of the provisions, terms, clauses, waivers and releases of claims and rights contained in this Agreement are declared illegal, unenforceable or ineffective in a legal forum of competent jurisdiction, such provisions, terms, clauses, waivers and releases of claims or rights shall be modified, if possible, in order to achieve, to the extent possible, the intentions of the parties, and if necessary, such provisions, terms, clauses, waivers and releases of claims and rights shall be deemed severable, such that all other provisions, terms, waivers and releases of claims and rights contained in this Agreement shall remain valid and binding upon both parties.

9. This Agreement, which shall be effective immediately upon its full execution and withdrawal of all claims pursuant to Paragraphs 1 and 2 reflects the entire agreement of the parties and supersedes all prior or contemporaneous oral or written understandings, statements, representations or promises.

10. The parties further agree that this Agreement may not be altered, amended, modified, superseded, cancelled or terminated except by an express written agreement duly executed by all the parties or their attorneys on their behalf, which makes specific reference to this Agreement.

{00350184.DOC;2}

11. Each party has entered into this Agreement after negotiation in good faith, and warrants that it has negotiated in good faith. Each party, by signing this Agreement, acknowledges that it has had a full and fair opportunity to review and consider its terms; that it understands all aspects of this Agreement and all its provisions; and, that it has freely and voluntarily entered hereinto.

12. The undersigned parties warrant and represent that they are authorized by their respective principals to execute, and bind their respective principals to the terms of, this Agreement. The Funds expressly warrant to the Employer that they have not, in whole or in part, sold, assigned, hypothecated, granted or transferred to any other person, corporate or natural, any claim, action, demand or cause of action released by this Agreement.

13. Any and all notices or other communications required or permitted to be given under any of the provisions of this Stipulation and Order of Settlement shall be sufficient if in writing and shall be deemed to have been duly given upon the mailing thereof by certified mail, return receipt requested, addressed to the parties at the addresses set forth below (or at such other address as any party may specify by notice to all other parties given as aforesaid).

    For the Funds:    Pitta & Dreier LLP
                                  499 Park Avenue
                                  New York, New York 10022
                                  Attn: Michael D'Angelo, Esq.

    For the Employer:    Kaufman Dolowitch & Voluck
                                  135 Crossway Drive
                                  Woodbury, New York 11797
                                  Attn: Regina Faul, Esq.

{00350184.DOC.2}

›

14. This Agreement may be executed in more than one counterpart, each of which shall be deemed to be an original; but all of which shall constitute one and the same instrument.

| LOCAL 758 WELFARE, PENSION, EDUCATION and SCHOLARSHIP and ANNUITY FUNDS | IMPERIAL COURT HOTEL |
|---|---|
| *[signature]* | *[signature] Michael* |
| | |
| | |
| Carmen Vuotto, Fund Administrator | |

SO ORDERED:

*[signature]*
U.S.D.J.
7/11/08

{00350184.DOC;2}